USDC SCAN INDEX SHEET

















TKL   7/7/06    8:53

3:06-CV-00911   ALVIS V. CITY OF OCEANSIDE

*22*

*AMDCMP.*



Gregory G. Petersen, Esq. (Bar No. 77744)
Christopher D. Nissen, Esq. (Bar No. 202034)
Michael Anthony Jenkins, Esq. (Bar No. 171958)
CASTLE, PETERSEN & KRAUSE LLP
Attorneys at Law
4675 MacArthur Court, Suite 1250
Newport Beach, California 92660
E-mail: atty@cpk-law.com
Telephone: (949) 417-5600
Facsimile:   (949) 417-5610

Attorneys for Plaintiffs HOUSTON ALVIS, et al.,
on behalf of themselves and other employees
similarly situated

FILED

06 JUL -6 AM 11: 15

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY W                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HOUSTON ALVIS, ERIC ANDERSON, MICHAEL W. BROWN, MARK ALAN BUSSEY, THOMAS ALAN BUSSEY, MATT BYRD, DWIGHT P. CARWELL, JOHN CLARK, PHIL DUMAS, LAURA FLINN, SCOTT GARRETT, JOHN PIERRE GISBERT, MARTIN D. GRAVELLE, SCOTT HUNTER, JOHN JANDA, RANDY JUDD, KEVIN KAISER, SHAWN M. KELLY, EDWARD L. LANE, KAREN LASER, IGNACIO LOPEZ, MARTIN J. MORABE, ANN O'NEILL, GREGORY LEE RAINWATER, CARL STEVEN REGALADO, JAMES E. SANDIFER, ROB SARRACINO, CHRISTOPHER P. SCHUCHARDT, DANIEL SHAPIRO, ROY M. SPENCER, JOHANN A. STENN, ANIS B. TRABELSI, GARY TRUSCOTT, ELDIDIO PETE YBARRA, JR., and JOSHUA B. YOUNG, on behalf of themselves and other employees similarly situated,

Plaintiffs,

v.

CITY OF OCEANSIDE; DOE ONE through 10, inclusive,

Defendants.

CASE NO.  06CV0911 JM (Wmc)

<u>CLASS ACTION</u>

**SECOND AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF, AND DEMAND FOR JURY TRIAL, BASED ON:**

1. **FAIR LABOR STANDARDS ACT §7(a) VIOLATIONS** [29 U.S.C. §207(a)]

ORIGINAL

-1-

1   Plaintiffs allege:

2       1.      At all times relevant to this Complaint, Plaintiffs Houston Alvis, Eric Anderson,

3   Michael W. Brown, Mark Alan Bussey, Thomas Alan Bussey, Matt Byrd, Dwight P. Carwell, John

4   Clark, Phil Dumas, Laura Flinn, Scott Garrett, John Pierre Gisbert, Martin D. Gravelle, Scott Hunter,

5   John Janda, Randy Judd, Kevin Kaiser, Shawn M. Kelly, Edward L. Lane, Karen Laser, Ignacio

6   Lopez, Martin J. Morabe, Ann O'neill, Gregory Lee Rainwater, Carl Steven Regalado, James E.

7   Sandifer, Rob Sarracino, Christopher P. Schuchardt, Daniel Shapiro, Roy M. Spencer, Johann A.

8   Stenn, Anis B. Trabelsi, Gary Truscott, Eldidio Pete Ybarra, Jr., Joshua B. Young ("Plaintiffs") have

9   been employed by Defendant City of Oceanside as sworn peace officers.

10      2.      Defendant City of Oceanside ("Defendant City" or "City") is a political subdivision

11  of the State of California.

12      3.      Plaintiffs are ignorant of the names and capacities of the individuals or entities sued

13  herein as Doe One through 10, inclusive ("Does"), and therefore sues these Defendants by such

14  fictitious names.  Plaintiffs will amend this Complaint to allege the true names and capacities of the

15  same when ascertained, whom the former alleges are responsible in some manner for the

16  occurrences, acts, omissions, losses, damages and injuries alleged in this Complaint.

17      4.      At all times relevant to this Complaint, the acts and omissions of a natural person-

18  Defendant who is or may be identified as an official, employee or agent of an entity-Defendant, was

19  undertaken in accordance with and represents the official policies of the later or was undertaken and

20  represents the official policies or procedures of the same, for which the former is sued in both his

21  or her individual and official capacity.  At all times relevant to this Complaint, each Defendant

22  conspired, committed, ordered, directed, supervised, allowed, planned, ratified, concealed,

23  organized, or otherwise participated in one or more of the acts alleged below.

24      5.      At all times relevant to this Complaint, Defendants required Plaintiffs and other

25  employees similarly situated ("Peace Officers") to work, perform duties and spend time, which they

26  did, that constituted time and hours worked, for which Defendants wilfully, voluntarily, deliberately

27  and intentionally failed and refused to count as time and hours actually worked by Peace Officers,

28  who in turn were not compensated at their regular, premium or overtime wage rate for, including but

1  not limited to, the following time and hours worked ("Common Overtime Practices"):

2      *(A).*      Time spent preparing for, participating in and performing preshift and post-

3  shift activities that are required, integral and an indispensable part of the work and principal

4  activities of Peace Officers, including but not limited to preshift, post-shift and shift change briefings

5  and related activities, preparation for roll-call, inspections, preparation, review and/or finalization

6  of arrest and/or investigation reports, preparing, traveling and making court appearances, deployment

7  related activities, collecting, returning, cleaning and/or maintaining equipment and/or uniforms;

8      *(B).*      Time spent for donning, doffing, dress-up and dress-down of protective and

9  other specialized equipment, gear and outfitting that is integral and indispensable to the work and

10  principal activities of Peace Officers, including but not limited to getting dressed into uniform and

11  vest, checking all equipment attached to their belt to insure that all safety equipment was functioning

12  properly;

13      *(C).*      Time spent walking to and from preshift and post-shift activities, work areas,

14  stations, the locker room, roll-call, the briefing room, the equipment room, posts and patrol vehicles;

15      *(D).*      Time spent working during meal, rest break and free-time periods that were

16  predominantly for the Defendants' benefit, during which time Peace Officers were not completely

17  relieved of duty;

18      *(E).*      Failing to properly calculate paid and unpaid overtime compensation based

19  on a formula that includes all compensation, including but not limited to specialty pay, education

20  incentive pay, advanced and intermediate Police Officer Standards Training certificates, and other

21  wage enhancements.

22      6.      At all times relevant to this Complaint, Defendants adopted, followed and promoted

23  policies and procedures that have resulted in their refusal and/or failure to accurately record, keep

24  and maintain time and wage records required by federal and state law ("Common Record Keeping

25  Practices").

26                          **COLLECTIVE ACTION ALLEGATIONS**

27      7.      The First Claim for Relief for violations of §7(a) of the Fair Labor Standards Act

28  ("FLSA") [29 U.S.C. §207(a)] is brought by Plaintiffs on behalf of themselves, other employees

1  similarly situated and the general public who join this collective action pursuant to 29 U.S.C.

2  §216(b) ("FLSA Collective Action").

3       8.    Defendants' Common Overtime Practices have been systematically applied to

4  Plaintiffs on behalf of themselves, other employees similarly situated and the general public, creating

5  common questions of law and fact.

6       9.    Defendants' Common Overtime Practices have impacted numerous individuals.

7  Plaintiffs on behalf of themselves, other employees similarly situated and the general public, who

8  have all been impacted by Defendants' Common Overtime Practices, constitute a majority of the

9  Peace Officers employed by the City.

10      10.    Each potential member of the FLSA Collective Action must affirmatively join this

11  action by filing a written consent with the Court, indicating a willingness to participate in this action

12  and be bound by the outcome as "opt-in" plaintiffs in this lawsuit ("FLSA Collective Action

13  Plaintiffs").

14      11.    Defendants' Common Overtime Practices, affecting numerous individuals and

15  creating common questions of law and fact, justify an order granting Plaintiffs the right to facilitated

16  notice in contacting other employees similarly situated, through direct mail and work-site postings,

17  informing them of the right to affirmatively join this action as an FLSA Collective Action Plaintiff

18  by filing with the Court a consent in writing to become a party and be bound by the outcome of these

19  proceedings, in accordance with FLSA §16(b) [29 U.S.C. §216(b)].

20                       **FIRST CLAIM FOR RELIEF**

21                         **FLSA §7(a) Violations**

22                         [29 U.S.C. §207(a)]

23       Plaintiffs on behalf of themselves and the FLSA Collective Action Plaintiffs,

24                         Against all Defendants

25      12.    Plaintiffs allege and incorporate by reference the preceding paragraphs as if fully

26  stated here.

27      13.    Under the Fair Labor Standards Act of 1938 and the Portal to Portal Act of 1947 [29

28  U.S.C. §§201-219, 251-262], and applicable amendments, regulations and case law, including but

1   not limited to *IBP, Inc. v. Alvarez*, 126 S. Ct. 514 (2005) ("FLSA"), each covered employer, such

2   as Defendant City, is required to compensate each nonexempt employee, such as Plaintiffs on behalf

3   of themselves, other employees similarly situated and the FLSA Collective Action Plaintiffs, for all

4   time spent and activities that are an integral and indispensable part of the employee's principle

5   activities, suffered or permitted by the employer, and all hours worked.

6       14.     Each Defendant's acts, omissions and Common Overtime Practices constitute wilful,

7   voluntary, deliberate or intentional violations of FLSA §7(a) [29 U.S.C. §207(a)] by failing and

8   refusing to count all time and hours actually worked by Peace Officers, for which they were not

9   compensated at their regular, premium or overtime wage rate.

10      15.     As a result of each Defendant's violations, Plaintiffs on behalf of themselves, other

11  employees similarly situated and the FLSA Collective Action Plaintiffs, seek and are entitled to the

12  following:  *(a)* For an order granting Plaintiffs the right to facilitated notice in contacting other

13  employees similarly situated, through direct mail and work-site postings, informing them of the right

14  to affirmatively join this action by filing with the Court a consent in writing to join this action as a

15  plaintiff and be bound by the outcome of these proceedings, as authorized under FLSA §16(b) [29

16  U.S.C. §216(b)]; *(b)* For recovery of unpaid overtime compensation and an additional equal amount

17  as liquidated damages, as set forth under FLSA §16(b) [29 U.S.C. §216(b)]; *(c)* For an award of costs

18  and reasonable attorney fees, as set forth under FLSA §16(b) [29 U.S.C. §216(b)]; *(d)* For

19  prejudgment interest; and *(e)* For other relief deemed just and proper.

20                          **PRAYER FOR RELIEF**

21      16.     Plaintiffs, on behalf of themselves, other employees similarly situated and the FLSA

22  Collective Action Plaintiffs, pray for judgment and other relief against Defendants, jointly and

23  severally, as set forth below.

24      17.     On the First Claim for Relief for FLSA §7(a) violations:

25          *(a)*     For an order granting Plaintiffs the right to facilitated notice in contacting

26  other employees similarly situated, through direct mail and work-site postings, informing them of

27  the right to affirmatively join this action by filing with the Court a consent in writing to join this

28  action as a plaintiff and be bound by the outcome of these proceedings, as authorized under FLSA

1  §16(b) [29 U.S.C. §216(b)];

2        *(b)*      For recovery of unpaid overtime compensation and an additional equal amount

3  as liquidated damages, as set forth under FLSA §16(b) [29 U.S.C. §216(b)];

4        *(c)*      For an award of costs and reasonable attorney fees, as set forth under FLSA

5  §16(b) [29 U.S.C. §216(b)];

6        *(d)*      For prejudgment interest; and

7        *(e)*      For other relief deemed just and proper.

8                            **DEMAND FOR JURY TRIAL**

9        18.     Plaintiffs, on behalf of themselves, other employees similarly situated and the general

10  public, the FLSA Collective Action Plaintiffs and the Class/sub-Class members, demands a trial by

11  jury [FRCP Rule 38(a)].

12  Dated: June 29, 2006                    Respectfully submitted,

13                                          CASTLE, PETERSEN & KRAUSE LLP
                                            Attorneys at Law
14

15

16                                          By:   _____
                                            Michael Anthony Jenkins
17                                          Attorneys for Plaintiffs HOUSTON ALVIS,
                                            et al., on behalf of themselves and other
18                                          employees similarly situated

19

20

21

22

23

24

25

26

27

28

**SECOND AMENDED COMPLAINT**

1 | **[ALVIS, et al.  vs.  CITY OF OCEANSIDE, et al.]**
**USDC, Southern District, Case No. 06 CV 0911 JM WMc**

2

### PROOF OF SERVICE

3

STATE OF CALIFORNIA )
                                       ) ss.
4

COUNTY OF ORANGE )

5

6        I am employed in the county of Orange, state of California.  I am over the age of eighteen and not a party to the within action; my business address is: 4675 MacArthur Court, Suite 1250, Newport Beach, California 92660.

7

8        On June 29, 2006, the within **SECOND AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF, AND DEMAND FOR JURY TRIAL, BASED ON:  1.  FAIR LABOR STANDARDS ACT §7(a) VIOLATIONS [29 U.S.C. §207(a)]** was served by placing
9 _ the original /  _X_  a true copy thereof enclosed in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| ARLENE PRATER, ESQ. (Bar No. 67191)<br>ALISON D. ALPERT, ESQ. (Bar No. 199257)<br>BEST BEST & KRIEGER LLP<br>655 West Broadway, 15th Floor<br>San Diego, CA 92101<br>Telephone: (619) 525-1300<br>Telecopier: (619) 233-6118<br>Email: arlene.prater@bbklaw.com | Attorneys for Defendant,<br>CITY OF OCEANSIDE |
| JOHN P. MULLEN, ESQ. (Bar No. 160510)<br>CITY ATTORNEY<br>CITY OF OCEANSIDE<br>300 North Coast Highway<br>Oceanside, CA 92054-2885<br>Telephone: (760) 435-3975<br>Telecopier: (760) 439-3877 | Attorneys for Defendant,<br>CITY OF OCEANSIDE |

19        (X)     **BY MAIL:**  I am "readily familiar" with this firm's practice of collection, processing, and
20                depositing mail, with postage fully prepaid, with the U.S. Postal Service on the same day
                in the ordinary course of business.  I am aware that, on motion of party served, service is
                presumed invalid if the postal cancellation date or postage meter date is more than one
21                day after date of deposit for mailing as stated in the affidavit.

22        ( )     **BY ELECTRONIC MAIL:** I caused said document(s) to be served, in "PDF" format,
                the document(s) described above, with attachments, to the individuals stated above to
23                their known email addresses as shown above.

24        (X)     **FEDERAL:**  I declare that I am employed in the office of a member of the bar of this
                Court at whose direction this service was made.

25

        Executed on June 29, 2006 at Newport Beach, California.

26

27

28

*Diana L. Lawrence*
Diana L. Lawrence

SECOND AMENDED COMPLAINT